UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

**SEALED INDICTMENT**

UNITED STATES OF AMERICA

S7 16 Cr. 644 (KBF)

- v. -

MARIO RINCON-VEGA,
                    Defendant.

- - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1\31\18

## COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1.    From at least in or about 2011 through at least in or about 2016, in the Southern District of New York and elsewhere, MARIO RINCON-VEGA, the defendant, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to violate the money laundering laws of the United States.

2.    It was a part and an object of the conspiracy that MARIO RINCON-VEGA, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(A) & (B), to wit, the proceeds of i) the sale and

distribution of a controlled substance, in violation of 21

U.S.C. § 841(a)(1); and ii) an offense against a foreign nation,

to wit, the Italian Republic and the United Mexican States,

involving the manufacture, importation, sale, and distribution

of a controlled substance knowing that the transaction was

designed in whole and in part to conceal and disguise the

nature, the location, the source, the ownership, and the control

of the proceeds of specified unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(B)(i).

3.     It was further a part and an object of the

conspiracy that MARIO RINCON-VEGA, the defendant, and others

known and unknown, would and did transport, transmit, and

transfer, and attempt to transport, transmit, and transfer, a

monetary instrument and funds from a place in the United States

to and through a place outside the United States, and to a place

in the United States from and through a place outside the United

States, with the intent to promote the carrying on of specified

unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(A) & (B),

to wit, the proceeds of i) the sale and distribution of a

controlled substance, in violation of 21 U.S.C. § 841(a)(1); and

ii) an offense against a foreign nation, to wit, the Italian

Republic and the United Mexican States, involving the

2

manufacture, importation, sale, and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(2).

4.    It was further a part and an object of the conspiracy that MARIO RINCON-VEGA, the defendant, and others known and unknown, in an offense taking place in the United States and in the special maritime and territorial jurisdiction of the United States, and taking place outside of the United States and such special jurisdiction, where the defendant is a United States person, as defined in 18 U.S.C. § 3077, knowingly would and did engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(A) & (B), to wit, the proceeds of i) the sale and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and ii) an offense against a foreign nation, to wit, the Italian Republic and the United Mexican States, involving the manufacture, importation, sale, and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

3

## **FORFEITURE ALLEGATION**

5. As a result of committing the money laundering offense alleged in Count One this Indictment, MARIO RINCON-VEGA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in the offense alleged in Count One of this Indictment, and any property traceable to such property.

## **Substitute Assets Provision**

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value;

e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code,

4

Section 853 (p), and Title 28, United States Code, Section

2461(c), to seek forfeiture of any other property of the

defendant up to the value of the forfeitable property.

(Title 18, United States Code, Sections 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**MARIO RINCON-VEGA,**
**Defendant.**

**SEALED INDICTMENT**

S7 16 Cr. 644

(18 U.S.C. § 1956.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

Foreperson.

8/13/18
PL

Sealed Indictment
Arrest Warrant
issued

MJ Aaron
U.S.M.J